**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EIGHTH DISTRICT ELECTRICAL PENSION FUND;

EIGHTH DISTRICT ELECTRICAL PENSION FUND
ANNUITY PLAN;

JAMES MANTELE, as Chairman of the Delinquency Committee
for the Eighth District Electrical Pension Fund and Eighth District
Electrical Pension Fund Annuity Plan;

NATIONAL ELECTRICAL BENEFIT FUND; and

MOUNTAIN STATES LINE CONSTRUCTORS AREA JOINT
APPRENTICESHIP AND TRAINING TRUST FUND,

    Plaintiffs,

v.

POWER FOUNDATIONS, LLC

    Defendant.

_____

**COMPLAINT**
_____

Plaintiffs set forth above ("Plaintiffs"), for their cause of action against Defendant Power Foundations, LLC ("Defendant"), state, allege, and aver as follows:

**NATURE OF THE CASE**

1.    This Complaint brings an action to collect delinquent fringe benefit contributions from Defendant that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective

bargaining agreements (hereinafter "CBAs") with International Brotherhood of Electrical Workers Local Union No. 57 (hereinafter "Local 57").

## PARTIES

2.  Plaintiff Eighth District Electrical Pension Fund (hereinafter "Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2821 South Parker Road, Suite 215, Aurora, Colorado. Plaintiff Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3.  Plaintiff Eighth District Electrical Pension Fund Annuity Plan (hereinafter "Annuity Plan") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2821 South Parker Road, Suite 215, Aurora, Colorado. Plaintiff Annuity Plan is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

4.  Plaintiff James Mantele (hereinafter "Mantele") is a proper party to this action based on his official capacity and fiduciary duties to Plaintiffs Pension Fund and Annuity Plan, including the collection of contributions owed to Plaintiffs Pension Fund and Annuity Plan.

5.  Plaintiff National Electrical Benefit Fund (hereinafter "NEBF") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2400 Research Boulevard, Suite 500, Rockville, Maryland.  Plaintiff NEBF is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

6.  Plaintiff Mountain States Line Constructors Area Joint Apprenticeship and Training Trust Fund (hereinafter "JATC") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration for collection purposes at

2821 South Parker Road, Suite 215, Aurora Colorado. Plaintiff JATC is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

7. Plaintiffs Pension Fund, Annuity Plan, NEBF, and JATC (hereinafter "Plaintiff Funds") are each a "multiemployer plan" within the meaning of 29 U.S.C. § 1002(37) and have been established and are maintained pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

8. Defendant Power Foundations, LLC is a limited liability company organized and existing under the laws of the State of Utah with its principal office at 5343 N. Winchester Drive, St. George, Utah; is an employer within the meaning of 29 U.S.C. § 1002(5); and is an employer affecting commerce within the meaning of § 2 of the LMRA, 29 U.S.C. § 152.

## JURISDICTION & VENUE

9. This court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145; and also pursuant to 28 U.S.C. § 1331.

10. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132 (e)(2) and 28 U.S.C. § 1391(b), because Plaintiffs Pension Fund and Annuity Fund are administered in Colorado.

## CAUSE OF ACTION

11. Plaintiffs hereby incorporate by this reference paragraphs 1 through 10 above as if set forth fully herein.

12. Defendant is a party to one or more CBAs with Local 57 through a Letter of Assent, and the CBAs govern the terms and conditions of employment of all employees of Defendant

performing work covered by such CBAs. Said CBAs have been in effect at all times relevant to this action.

13.     At all times relevant to this action, Defendant has employed individuals who have performed work covered by the CBAs.

14.     Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreement"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBAs between Local 57 and Defendant.

15.     Among other duties imposed upon Defendant under the CBAs, Defendant is required to make contributions to the Plaintiff Funds which provide retirement, training, and other benefits for employees of contractors, such as Defendant, who are signatory to the CBAs with Local 57.

16.     Defendant is obligated under the CBAs and Trust Agreements to timely submit reports and fringe benefit contributions to Plaintiff Funds. Defendant is required to submit contributions to Plaintiff Funds each month in such amounts as determined by the number of hours of covered work, and for NEBF the gross wages, of Defendant's employees at the rates established for Plaintiff Funds in the CBAs and incorporated Trust Agreements.

17.     The CBAs, which incorporate the Trust Agreements and duly-adopted rules of Plaintiff Funds, require that contributions to Plaintiff Funds be made at the end of each month. Payments not made by the 15th day of the following month are deemed delinquent.

18.     Defendant has failed to make contributions to Plaintiff Funds for the hours of covered work performed by its employees under the CBAs during the months of November 2017

and December 2017. As a result, Defendant has breached the CBAs and Trust Agreements. Defendant has also breached its obligations under ERISA, 29 U.S.C. § 1145.

19. Defendant is liable to Plaintiff Funds for delinquent contributions under the CBAs and Trust Agreements in the amount of Fifteen Thousand Twenty Dollars and Nine Cents ($15,020.09) for the months of November and December 2017.

20. The CBAs, Trust Agreements, and ERISA provide remedies to Plaintiff Funds in the event an employer fails to make full and timely contributions to Plaintiff Funds for all hours of work covered by the CBAs. Among the remedies are costs of collection, attorneys' fees, interest, and liquidated damages.

21. Pursuant to the CBAs and Trust Agreements incorporated therein, Defendant is liable to Plaintiffs Pension Fund, Annuity Plan, and JATC for liquidated damages at the rate of ten percent (10%), and Plaintiff NEBF for liquidated damages at the rate of twenty percent (20%) assessed upon untimely and/or unpaid contributions. Accordingly, Defendant is liable to Plaintiff Funds for liquidated damages in the amount of One Thousand Five Hundred Seventy-Eight Dollars and Seventy-Eight Cents ($1,578.78) assessed upon Defendant's untimely and unpaid contributions for the months of November and December 2017.

22. Pursuant to the CBAs and Trust Agreements incorporated therein, Defendant is liable to Plaintiffs Pension Fund, Annuity Plan, and JATC for interest at the rate of the Federal short-term interest rate for underpayment, plus two percent (2%), and to Plaintiff NEBF at the interest rate of ten percent (10%) annually, compounded monthly, upon the untimely and unpaid contributions. Accordingly, as of March 31, 2019, Defendant is liable to Plaintiff Funds in the amount of One Thousand Five Hundred Seven Dollars and Fifty-Two Cents ($1,507.52) for

interest accrued upon Defendant's untimely and unpaid contributions for the months of November and December 2017. Interest continues to accrue.

23.     Plaintiff Funds have incurred and will continue to incur attorneys' fees and other costs in their efforts to remedy Defendant's failure to pay fringe benefit contributions. Plaintiff Funds are entitled to recover these fees and costs pursuant to the terms of the CBAs, Trust Agreements, and by law.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

(1) Finding that Defendant is liable to Plaintiffs and entering judgment against the Defendant an in favor of Plaintiff's accordingly;

(2) Finding that Defendant is liable to Plaintiffs for delinquent contributions, liquidated damages, and interest for the months of November 2017 and December 2017 in the total amount of Eighteen Thousand One Hundred Six Dollars and Thirty-Nine Cents ($18,106.39), plus interest accruing after March 31, 2019;

(3) Awarding Plaintiffs their costs of this action and reasonable attorneys' fees attributable to the collection of delinquent contributions, liquidated damages, and/or interest found to be due and owing to Plaintiffs; and

(4) Granting Plaintiffs such other relief that the Court deems just and proper.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

**BLAKE & UHLIG**

*s/ Eric C. Beckemeier*
Eric C. Beckemeier
475 New Brotherhood Building
753 State Avenue
Kansas City, Kansas 66101
Telephone: (913) 321-8884
Facsimile: (913) 321-2396
ECB@blake-uhlig.com
*Attorney for Plaintiffs*