**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-00972-CMA-NRN

EIGHTH DISTRICT ELECTRICAL PENSION FUND,
EIGHTH DISTRICT ELECTRICAL PENSION FUND ANNUITY PLAN,
JAMES MANTELE, as Chairman of the Delinquency Committee for the Eighth District Electrical Pension Fund and Eighth District Electrical Pension Fund Annuity Plan,
NATIONAL ELECTRICAL BENEFIT FUND, and
MOUNTAIN STATES LINE CONSTRUCTORS AREA JOINT APPRENTICESHIP AND TRAINING TRUST FUND,

    Plaintiffs,

v.

POWER FOUNDATIONS, LLC,

    Defendant.

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES**

This matter is before the Court on Plaintiffs Eighth District Electrical Pension Fund, Eighth District Electrical Pension Fund Annuity Plan, James Mantele, National Electrical Benefit Fund, and Mountain States Line Constructors Area Joint Apprenticeship and Training Trust Fund's Motion for Attorneys' Fees and Expenses (Doc. # 21) under Federal Rule of Civil Procedure 54(d). Pursuant to the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2), Plaintiffs are requesting Defendant Power Foundations, LLC be ordered to pay $14,169.82 in

attorneys' fees and expenses. For the following reasons the Court grants in part Plaintiffs' Motion.

## I. BACKGROUND

On April 2, 2019, Plaintiffs initiated this case to collect delinquent fringe benefit contributions from Defendant pursuant to the Employee Retirement Income Security Act ("ERISA") and collective bargaining agreements ("CBAs") with International Brotherhood of Electrical Workers Local Union No. 57. (Doc. # 1.) Plaintiffs asserted that every month Defendant is obligated under the CBAs and Trust Agreements to "timely submit reports and fringe benefit contributions" to the Plaintiff Funds. (*Id.* at 4.) Plaintiffs asserted that Defendant breached the CBAs and Trust Agreements, as well as its obligations under ERISA, 29 U.S.C. § 1145. (*Id.* at 5.) As a result, Plaintiffs alleged that Defendant is liable for the delinquent payments in the amount of $15,020.09, interest on the delinquent payments accruing both pre and post judgment, liquidated damages in the amount of $1,578.78, and reasonable attorney's fees. (*Id.*)

Plaintiffs, upon filing their Complaint, properly served Defendant by certified mail[1] (Doc. # 16-1); however, Defendant did not file a Response. On June 13, 2019 and June 27, 2019, Plaintiffs filed Motions for Entry of Default and Default Judgment. (Doc. ## 12, 14.) The Clerk of the Court did not docket an Entry of Default on either occasion

---

[1] Because Defendant is a Utah corporation, Plaintiffs served Defendant pursuant to the procedures of Utah Code Ann. § 16-17-301(2). Section 16-17-301(2) allows service upon a corporate entity by certified mail when the registered agent cannot with reasonable diligence be served by personal service. (Doc. # 16 at 5.) The Court recognizes that Plaintiffs acted with reasonable diligence in their attempts to serve Defendant's registered agent personally; therefore, service by certified mail was proper in this instance.

because Plaintiffs failed to attach proof of service of process to their Motions. (Doc. ## 13, 15.) On August 7, 2019, Plaintiffs filed a **third** Motion for Entry of Default and Default Judgment (Doc. # 16), and on August 9, 2019, the Clerk of the Court docketed an Entry of Default. (Doc. # 17.) Subsequently, on November 6, 2019, this Court issued Final Judgment in favor of Plaintiffs.

On November 19, 2019, Plaintiffs filed the instant Motion for Attorneys' Fees in the amount of $13,166.40 and Expenses in the amount of $1,003.42, totaling $14,169.82. Plaintiffs included a "Detail Attorney Fees Report" ("Report") (Doc. # 21-2) outlining the relevant attorneys' fees and expenses incurred.

## II. <u>LEGAL STANDARDS</u>

### A. RULE 54(d)

Federal Rule of Civil Procedure 54(d)(2) provides that a claim for attorney's fees must be made by motion and must be filed no later than 14 days after a judgment. The Rule further specifies that the motion should include the judgment and the statute, rule, or other grounds entitling the movant to the award. Fed. R. Civ. P. 54(d)(2)(B)(ii). The motion must also include the amount sought or a fair estimate of that amount. Fed. R. Civ. P. 54(d)(2)(B)(iii).

### B. ATTORNEYS' FEES UNDER ERISA

The statutory language of ERISA indicates that in any action on behalf of a plan to enforce Section 515 of ERISA, 29 U.S.C. § 1145, the court shall award reasonable attorneys' fees and costs of the action, to be paid by the defendant. 29 U.S.C. § 1132(g)(2). It is within the court's discretion to determine what are reasonable fees.

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth by the Supreme Court in *Hensley*. *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010).

A lodestar calculation involves multiplying the number of hours an attorney expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 461 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Once the Court determines the lodestar amount, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

### III.  ANALYSIS

Plaintiffs properly bring the instant Motion for Attorneys' Fees and Expenses under Rule 54(d)(2) of the Federal Rules of Civil Procedure. Pursuant to the Rule, Plaintiffs filed their request as a separate motion and did so before the 14-day deadline expired. Plaintiffs assert that they are entitled to attorneys' fees and expenses totaling $14,169.80.

In accordance with sections 515 and 502(g) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), Defendant is obligated to pay Plaintiffs' reasonable attorneys' fees and costs in this action. *Bd. of Trs., Colo. Sheet Metal Workers' Local 9 Family Health Plan v. J & C Stainless Fabricating Co.*, No. 07-cv-01970-REB-MEH, 2009 WL 306731, at *2

4

(D. Colo. Feb. 6, 2009). The Report Plaintiffs provide (Doc. # 21-2) shows an hourly rate of $260, an amount they assert to be a reasonable rate in the metropolitan Denver market. (Doc. # 21 at 3.) The Court agrees that the rate is reasonable. *See Mrs. Condies Salad Co., Inc. v. Colo. Blue Ribbon Foods, LLC*, No. 11-cv-02118-KLM, 2012 WL 1431371, at *2 (D. Colo. Apr. 24, 2012) (finding that $325.00 is a reasonable hourly fee rate for this jurisdiction). The Report lists a total of 51 hours expended on tasks and matters pertaining to litigation. (Doc. # 21-2 at 3.) The Court notes however, that .60 of the 51 total hours are billed at a paralegal rate of $104 per hour. Multiplying the attorneys' hourly rate of $260 by the 50.4 total attorneys' hours billed equals $13,104.00. Adding the .60 hours of paralegal time amounting to $62.40, the total is $13,166.40.[2] However, it is within the Court's discretion to accept or reduce a fee request. *Hensley*, 461 U.S. at 436–37.

Once the district court has adequate time records before it, it must then ensure that the attorneys have exercised "billing judgment." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended. *Id.* Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable. *Case*, 157 F.3d at 1250. For purposes of the instant Motion, the Court must consider whether the Plaintiffs' logged hours are inconsistent

---

[2] $13,166.40 is consistent with the amount that Plaintiffs calculate in the instant Motion. (Doc. # 21-2 at 3.)

with work of a similar nature, excessive, or redundant. *Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.").

In their Report, Plaintiffs billed .70 hours for "Draft[ing] and fil[ing] Consent to Magistrate," amounting to $182.00. (Doc. # 21-2 at 1.) A Consent to Magistrate Jurisdiction form (Doc # 7) is a fill-in-the-blank, 2-page filing that does not require .70 hours to complete. The Court finds that billing .70 hours is excessive and, therefore, unreasonable. The Plaintiffs' fee award is accordingly reduced by $182.00. Similarly, Plaintiffs billed 4.20 hours—totaling $1,092.00—to draft a proposed scheduling order and compose Rule 26 disclosures. (Doc. # 21-2 at 2.) The Court finds this amount of time to be more than necessary and unreasonable for the task because a template for a proposed scheduling order exists on the Court's website and can be used for structure, requiring only the addition of supplemental facts. Accordingly, 4.2 hours of time, amounting to $1,092.00 is reduced from Plaintiffs' fee award.

Additionally, in the Report, there are four separate time entries totaling 6.9 hours amounting to $1,794.00 that pertain to Plaintiff's multiple attempts to file a Motion for Entry of Default. (Doc. # 21-2 at 2.) Plaintiffs' failure to attach proof of service of process pursuant to Rule 55(a) of the Federal Rules of Civil Procedure required Plaintiffs to file their Motion several times. (Doc. ## 13, 15.) The Court finds that the 6.9 hours billed are redundant and, therefore, unreasonable to pass on to the Defendant. Instead, the Court

consolidates the multiple attempts into one, reducing the hours from a total of 6.9 to the 2.5 hours recorded for the initial filing. (Doc. # 21-2 at 2.) Thus, the Court will allow Plaintiffs to recoup $650, amounting to a fee reduction of $1,144.00.

In their Report, Plaintiffs furnish a list of expenses totaling $1,003.42. (Doc. # 21-2 at 3.) The Court finds this total to be excessive and unreasonable. The Court specifically looks to expense entries labeled "Meals" for both June 11, 2019 and June 12, 2019, in the amount of $60.66 and $51.25, respectively. (*Id.*) The Court finds that these expenses are unreasonably high and lack sufficient explanation. *D.G. ex rel Stricklin v. Yarbrough*, No. 08-CV-074-GKF-FHM, 2012 WL 7829602, at *10 (N.D. Okla. Dec. 19, 2012), *report and recommendation adopted in part, rejected in part sub nom. D.G. ex rel. Strickland v. Yarbrough*, No. 08-CV-074-GKF-FHM, 2013 WL 1343151 (N.D. Okla. Mar. 31, 2013) ("[W]here the billing statements lack sufficient detail concerning the out of pocket expenses to enable . . . the court to determine that the expenditures were reasonable it would be unfair to award the out-of-pocket expenses."); *see also Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986) (reiterating that it is the burden of the party seeking a fee award to justify the reasonableness of the request, not the court's burden to justify each deduction). The expenses shall be accordingly reduced by their full amounts. Similarly, the entries for "Cabfare" and "Utah Business Records" of $5 and $6 respectively (*id.*), are unreasonable to require Defendant to pay. Consequently, the Court reduces these expenses by their full amounts. Accordingly, the Court reduces Plaintiffs' expenses award amount by $122.91 to $880.51.

## IV. CONCLUSION

For the reasons stated above, the Court ORDERS Plaintiffs' Motion for Attorneys' Fees and Expenses (Doc. # 21) is GRANTED IN PART. Plaintiffs are awarded $10,784.40 in attorneys' fees and $880.51 in expenses, totaling an award of $11,628.91.

DATED: January 24, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge